232 F.2d 397
 SMITH'S TRANSFER CORPORATION OF STAUNTON, VIRGINIA, and William Farren, Appellants,
v.
Lola COMER and Virginia Mrinzo, Appellees.
Lola COMER, as Administratrix of the Estate of Ira Comer, deceased, and Lola Comer, as Administratrix of the Estate of Bettie Jane Comer, deceased, Appellants,
v.
SMITH'S TRANSFER CORPORATION OF STAUNTON, VIRGINIA, and William Farren, Appellees.
 No. 7138.
 No. 7139.
 United States Court of Appeals Fourth Circuit.
 Argued April 11, 1956.
 Decided April 16, 1956.
 
 Samuel D. Lopinsky, Charleston, W. Va. (Jackson D. Altizer, Charleston, W. Va., on the brief), for Smith's Transfer Corp. of Staunton, Va.
 Fletcher W. Mann, Beckley, W. Va. (Poffenbarger & Bowles, Charleston, W. Va., on the brief), for Lola Comer and another.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 These are appeals in the case which we remanded for a new trial in Comer v. Smith's Transfer Corporation of Staunton, Va., 4 Cir., 212 F.2d 42. Upon the new trial thus granted the jury returned verdicts in favor of the plaintiffs Lola Comer and Virginia Mrinzo and and against the administrators of Ira and Bettie Jane Comer; and from judgment in accordance with the verdicts these appeals have been taken by the defendants and the administrator of Bettie Jane Comer. The defendants complain of a portion of the judge's charge in which he stated that the witness Bonham had no interest in the case, and the administrator of Bettie Jane Comer complains of a portion of the charge relating to imputed negligence. There is no merit in either appeal. There is no evidence that Bonham had any interest in the case and the jury was fully and correctly charged as to matters affecting his credibility. No exception was taken at the time to the portion of the charge relating to imputed negligence and, while this matter was relied upon in a motion for a new trial, it is well settled that the granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge. The decision below will be affirmed on both appeals.
 
 
 2
 Affirmed.